**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SEMINOLE NURSING PAVILION,
etc., et al.,
    Plaintiffs,

vs.                                    CASE NO. 8:06-CIV-1446-T-17-TBM

A.R.C. MANAGEMENT CORP.,
    Defendant.
_____

A.R.C. MANAGEMENT CORP., et al.,
    Plaintiffs,

vs.                                      CASE NO. 8:06-CIV-1437-T-17-TBM

SEMINOLE NURSING PAVILION,
etc., et al.,
    Defendants.
_____/

## **ORDER**

       This cause is before the Court *sua sponte*. On July 6, 2006, in state court Seminole Nursing Pavilion and Seminole Properties filed a complaint against A.R.C. Management Corporation. That complaint set out the following counts: I-declaratory judgment. On August 4, 2006, rather than file a counter-claim in state court, a complaint was filed in this court by A.R.C. Management Corporation, American Retirement Corporation, and A.R.C. Management, LLC (the ARC Group) against Seminole Nursing Pavilion, Seminole Properties, and Robert G. Roskamp (the Seminole Group). That complaint set out the following counts-I-breach of agreement and II-declaratory judgment.

       The two complaints relate to the same portion of a Management Agreement which is claimed to have been breached. Therefore, at the request of the Seminole Group, Case No. 8:06-CIV-1437-T-17-TBM was transferred to the undersigned as related to Case No. 8:06-CIV-1446-T-17-TBM, which was already assigned to the undersigned. This was in opposition to the normal operation of the local rule wherein the highest case number should be transferred to the judge with the lowest case number. It was done based on the argument that the lowest case number here was the first filed case, albeit in state court.

       The Court has reviewed the two cases and determined that it is unnecessary to retain two

cases.  Therefore, the last filed case,  8:06-CIV-1437-T-17-TBM, will be closed and the case will be subsumed into the first filed case.  The ARC Group will then file a counter-claim, and any cross or third-party claims they desire, in the first filed case, 8:06-CIV-1446-T-17-TBM, within ten days of this order.  The Seminole group will then answer the counter-claim, cross-claim and/or third-party claim in the normal course of proceedings.  Further the parties, shall have twenty days from this date to notify the Court whether or not they desire to amend the Case Management Order (Docket No. 16).  If there is no amendment requested, that Case Management Order shall be in effect for all parties in the remaining case.  Accordingly, it is

**ORDERED** that the Clerk of Court be **directed** to close Case No. 8:06-CIV-1437-T-17-TBM, and to terminate any pending motions.  That case is subsumed into the first filed case.  The ARC Group shall have ten days from this date to file a counter-claim, and any cross or third-party claims they desire, in the first filed case, 8:06-CIV-1446-T-17-TBM.  The parties, shall have twenty days from this date to notify the Court whether or not they desire to amend the Case Management Order (Docket No. 16).  If there is no amendment requested, that Case Management Order shall be in effect for all parties in the remaining case.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 3rd day of November, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:  All Parties and Counsel of Record